ADAM FRIEDRICH, APPELLANT, *v.* H. AUSTIN BREW-STER AND ANOTHER, RESPONDENTS, IMPLEADED, ETC.

*One who purchases at a foreclosure sale, subject to certain judgments, cannot have them set aside as fraudulent.*

APPEAL from a judgment in favor of the defendants, entered upon the trial of this action by the court without a jury.

On the 29th of June, 1876, two judgments by confession, in favor of the respondents, were entered and made liens on certain real estate in the city of Rochester, owned by Martha A. Thorn and Mary A. Bell. On the 13th of July, 1876, the said owners of the real estate executed a mortgage thereon, which was assigned to the plaintiff. The plaintiff brought an action to foreclose the mortgage, obtained a judgment and sold the premises. The respondents were not made parties to the foreclosure suits. The respondent Brewster was present at the sale, and the referee who conducted the sale announced at the time that the premises were to be sold subject to the respondent's judgments, and the plaintiff bid in the premises on that condition. The property sold for less than the amount due upon the mortgage, and the plaintiff took judgment for the deficiency.

The plaintiff then commenced this action against the respondents, claiming that the said judgments by confession were void, and asked to have such judgments declared liens subsequent to his mortgage and judgment, and to have the land released from the respondent's judgments. The Special Term dismissed the complaint, holding that the respondent's judgments were valid as between the parties to them; and that the premises having been sold to the plaintiff subject to the payment thereof, he is estopped from questioning their validity.

The court at General Term said : " We have carefully considered the elaborate and ingenious argument submitted by the counsel for the appellant, but we see no reason to doubt that the judgment should be affirmed. The plaintiff having caused the premises to be exposed for sale under his decree, subject to the respondent's judgments, and having bid them in on that condition, cannot question the validity of the judgments. The judgments were valid as

between the parties to them; whether they were valid as against other creditors of the judgment debtors, it is not now material to inquire.

"Having notice of the judgments the plaintiff is presumed to have acted with knowledge of the contents of the record, including the confession on which the judgments were entered, and to have waived whatever defects existed in them. To permit him to avoid the judgments, after having purchased subject to their payment, would be to enable him to practice a fraud at the expense of the other bystanders at the sale, and especially of the respondent Brewster, who, but for the condition announced, might have bid for the property enough to satisfy the judgments as well as the plaintiff's mortgage. The principle which controls the case is recognized by the following authorities, among others: *Sands* v. *Church* (6 N. Y., 347); *Horton* v. *Davis* (26 id., 495); *Sherman* v. *Willett* (42 id., 146); *Freeman* v. *Auld* (44 id., 50)."

*George F. Bausum*, for the appellant.

*Horace McGuire*, for the respondents.

Opinion by SMITH, P. J.; HARDIN, J., concurred; DWIGHT, J., not sitting.

Judgment affirmed, with costs.